# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WORLD WIDE TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-1815 CAS |
| | ) | |
| MARK BENNETTS, | ) | |
| | ) | |
| Defendant. | ) | |

## TEMPORARY RESTRAINING ORDER

The Court, after reviewing Plaintiff World Wide Technology, Inc.'s ("WWT") Verified Complaint for Injunctive and Other Relief (the "Verified Complaint"), Motion for a Temporary Restraining Order, and Memorandum in Support of Motion for a Temporary Restraining Order, and having heard the arguments of counsel, hereby finds and orders:

1. WWT's Motion for a Temporary Restraining Order is **GRANTED.** [Doc. 4]

2. WWT is subject to serious, significant and immediate irreparable injury to its business if defendant Mark Bennetts ("Bennetts") is permitted to breach the Nondisclosure and Nonsolicitation Agreement which is attached as Exhibit A to WWT's Verified Complaint. Monetary relief will not fully or adequately compensate for the injury which could be caused by WWT's loss of customers or Bennetts's disclosure or misuse of WWT's confidential information, in violation of his contractual obligations. WWT also appears likely to succeed on the merits of its action.

3. For the reasons stated above and in WWT's Verified Complaint, Motion for a Temporary Restraining Order, and the Memorandum in Support, the Court hereby orders that Bennetts is temporarily restrained from:

a. using or disclosing to any third-parties, including, but not limited to, Juniper Networks ("Juniper"), any of the confidential business or trade secret information of WWT, which includes information relating to (among other things) WWT's strategic and business plans; product pricing information and analyses; profit margins; research and development activities; ideas, patents, discoveries and the like, investments and plans; product positioning and related strategies; customer identities and customer-related information; new product plans; target markets; and expansion plans and strategies;

b. directly or indirectly soliciting or making any statement or doing any act intended to cause any person or entity that was a customer or client of WWT at any time during the one year immediately preceding Bennetts's termination of employment with WWT to make use of or obtain from any person or entity other than WWT (including, but not limited to, Juniper), services or good which are of the same general type, perform similar functions or are used for the same purposes as the services or goods which have been offered by WWT during the last one year of Bennetts's employment with WWT;

c. directly or indirectly soliciting or making any statement or doing any act intended to cause any prospective customer or client of WWT to make use of or obtain from any person or entity other than WWT (including, but not limited to, Juniper), services or goods which are of the same general type, perform similar functions or are used for the same purposes as the services which have been offered by WWT during the last one year of Bennetts's employment with WWT;

    d.  directly or indirectly causing or attempting to cause any person or entity that was a customer or client of WWT at any time during the one year immediately preceding Bennetts's termination of employment with WWT, to divert, terminate, limit or in any manner modify or fail to enter into, my actual or potential business relationship or opportunity with WWT;

    e.  directly or indirectly causing or attempting to cause any prospective customer or client of WWT, to divert, terminate, limit or in any manner modify or fail to enter into, any actual or potential business relationship or opportunity with WWT; or f. directly or indirectly soliciting, enticing or seeking to employ any employee of WWT who was employed by WWT at any time during Bennetts's last one year of employment with WWT.

  4.  For purposes of this Temporary Restraining Order, "prospective customer or client" is any person or entity with whom any employee of WWT has had written (including faxed or electronic) contact concerning any proposed order from, or other business relationship with, WWT within the three months prior to Bennetts's termination of employment.

  5.  Bennetts is further ordered to deliver to WWT's counsel all documents and information obtained by or provided to Bennetts, or otherwise made, produced or compiled during Bennetts's employment with WWT, which contain any confidential information of WWT, in accordance with Section 2(b) of the Agreement.

  6.  Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, this Order shall be binding on (a) Bennetts; (b) Bennetts's officers, agents, servants, employees, and attorneys; and (c) any other persons who are in active concert or participation with Bennetts or any person identified

in subpart (b) above who receive actual notice of the Order by personal service or otherwise.

7. This Temporary Restraining Order shall run through the date of the Preliminary Injunction hearing, unless modified by agreement of the parties or by order of the Court.

8. The hearing on WWT's Motion for a Preliminary Injunction is set for 11:00 am. on December 22, 2009.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __10th__ day of November, 2009.

Time: __3:25 p.m.__